Amanda R. Washton (SB# 227541)
  a.washton@conklelaw.com
Chelsea A. Bernard (SB# 343509)
  c.bernard@conklelaw.com
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Stephen H. Bean, (SB# 9240) (*Pro Hac Vice forthcoming*)
  steve@legendslaw.com
Nicholas Wells, (SB#10150) (*Pro Hac Vice forthcoming*)
  nwells@legendslaw.com
LEGENDS LAW GROUP, PLLC
330 N Main
Kaysville, Utah 84037
Phone (801) 337-4500

Attorneys for Plaintiff Eat Strong, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Eat Strong, LLC, a Utah company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Palomino Trade, LLC, a California company,<br><br>　　　　　Defendant. | Case No. 5:23-cv-2041<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Trademark Infringement<br>　*15 U.S.C. § 1114*<br>2. False Designation of Origin<br>　*15 U.S.C. § 1125(a)*<br>3. Unlawful, Unfair, Fraudulent Business Practices California Bus. Code § 17200 et seq.<br>4. Unfair Competition Common Law<br><br>DEMAND FOR JURY TRIAL |

0919.002\9999

COMPLAINT FOR DAMAGES

Plaintiff Eat Strong, LLC, through its counsel, hereby complains of Defendant Palomino Trade, LLC and for a cause of actions states as follows:

## PARTIES

1. Plaintiff Eat Strong, LLC is a Utah limited liability company having its principle place of business at 12259 S 450 E, Suite B, Draper, Utah 84020.

2. Palomino Trade is a California limited liability company having its principle place of business at 540 Hidden Valley Parkway, Suite 101, Corona, California 92879.

## JURISDICTION AND VENUE

3. This action arises under the trademark and unfair competition laws of the United States. 15 U.S.C. §1051 et seq.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for the claims arising out of the violations of Sections 32(1)(a) and 43(a) and (c) of the Lanham Act.

5. This Court has supplemental jurisdiction over the pendent state and common law claims arising from the same nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

6. This Court has personal jurisdiction over the defendant because its principal place of business is located within this District.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

# GENERAL ALLEGATION

*Plaintiff's Trademarks*

8. Plaintiff Eat Strong, LLC owns and operates a restaurant called Fueled Fresh Kitchen, located at 12259 S 450 E, Suite B, Draper, Utah 84020 (hereinafter the "Fueled Restaurant").

9. Although there is currently just one Fueled Restaurant, Plaintiff has plans to expand nationwide by selling franchises.

10. The Fueled Restaurant has a reputation for high quality restaurant services by offering excellent food, unsurpassed customer service, and affordable prices in a family-friendly environment.

11. To protect its brand, Eat Strong obtained U.S. Federal Trademark Registration No. 5789701, filed on August 28, 2018, for the mark FUELED FRESH KITCHEN in International Class 043 for restaurant services (the "Trademark").

12. Plaintiff advertises nationwide for its Fueled Restaurant services using the Trademark. Examples of Plaintiff's use of the Trademark include the following:





13. Plaintiff also provides a meal preparation service for ready-made-meals using a meal prep order form bearing the FUELED FRESH KITCHEN logo. See Exhibit A.

14. Plaintiff has been using the Trademark to provide restaurant services in the United States since at least as early as November 27, 2018.

15. The Trademark mark serves as a source-identifier for genuine Fueled Restaurant services and is used in or on all restaurant services offered by Plaintiff in the United States.

16. Plaintiff Eat Strong LLC has invested significant time, energy, and money advertising, promoting, and selling restaurant services featuring the Trademark, as well as ensuring the high quality of the services it provides which bear the Trademark. These efforts have resulted in widespread and favorable public acceptance and recognition of the Trademark.

*Defendant's Infringing Activity*

17. Defendant Palomino Trade, LLC has promoted, offered for sale, and/or sold restaurant services under the mark FUEL'D KITCHEN (the "Infringing Mark").

18. Recently, Plaintiff discovered that Defendant was marketing, offering for sale and selling restaurant services featuring the Infringing Mark as well as meal prep services (collectively, "the Infringing Services"). The Infringing Services were not approved for sale by Plaintiff.

19. Defendant's FUEL'D KITCHEN mark is confusingly similar to Plaintiff's FUELED FRESH KITCHEN mark.

20. Defendant is using the Infringing Mark without license, authority, or other permission from Eat Strong, LLC.

21. The Infringing Services were promoted by Defendant and sold under the Infringing Mark. Examples of the Infringing Services follow:







22.     A predominant feature of both the genuine and the infringing restaurant menus and advertising are the words "FUELED" and "FUEL'D" followed by the word "KITCHEN".

23.     Further, on June 28, 2023, Plaintiff sent a cease-and-desist letter to Fuel'd Kitchen at 540 Hidden Valley Pkwy, Unit 101, Corona, CA 92879 regarding its sale of restaurant services bearing the Infringing Mark.

24.     Defendant responded to the letter by claiming it did not infringe Plaintiff's rights and has continued to market and sell the Infringing Services, in purposeful disregard of Plaintiff's rights.

25.     Defendant Palomino Trade sold and continues to sell the Infringing Services despite having actual and specific knowledge of Plaintiff's rights in the FUELED FRESH KITCHEN mark and of Eat Strong's objection to Palomino Trade's sale of products bearing unauthorized copies of the Infringing Mark.

26.     Palomino Trade's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the FUELED FRESH KITCHEN mark. Further, the fact that Palomino Trade continued its unlawful conduct by selling the Infringing Services even after receiving Eat Strong's cease-and-desist letters demonstrates Palomino Trade's intent to continue selling Infringing Services without regard for Eat Strong's intellectual property rights.

27.     Defendant's conduct is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Services are either affiliated with, endorsed by, authorized by, or somehow connected to Plaintiff, or that the Infringing Services sold and promoted by Palomino Trade are genuine Eat Strong services.

28.     The activities complained of herein have and continue to irreparably harm Plaintiff and dilute the distinctive quality of the FUELED FRESH KITCHEN mark.

# FIRST CAUSE OF ACTION

*Trademark Infringement – 15 U.S.C. § 1114*

29. Plaintiff incorporates the allegations in paragraphs 1 through 28 as though fully set forth herein.

30. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

31. The FUELED FRESH KITCHEN mark is federally registered.

32. Defendant has used a confusingly similar variation of the FUELED FRESH KITCHEN mark in connection with the Infringing Services without Plaintiff's consent or authorization. Defendant's use, including the sale or offer for sale of the Infringing Services in commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendant's products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored, or otherwise associated itself with Defendant or its Infringing Services.

33. Through the unauthorized use of the Infringing Mark, Defendant is unfairly benefiting from and misappropriating Plaintiff's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to Plaintiff.

34. Through Plaintiff's cease and desist letter with Defendant, Defendant has actual and direct knowledge of Plaintiff's prior use and ownership of the FUELED FRESH KITCHEN mark. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill associated with the FUELED FRESH KITCHEN mark.

35. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CAUSE OF ACTION

*False Designation of Origin – 15 U.S.C. § 1125(a)*

37. Plaintiff incorporates the allegations in paragraphs 1 through 36 as though fully set forth herein.

38. Defendant's unauthorized use in commerce of confusingly similar variation of the FUELED FRESH KITCHEN mark in connection with the distribution, advertising, promotion, offering for sale, and/or sale of the Infringing Services constitutes use of a symbol or device that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the origin, sponsorship, association, or approval of Defendant's Infringing Services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendant's actions as alleged herein, including but not limited to their unauthorized use in commerce of the Infringing Mark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the origin, sponsorship, association, or approval of Defendant's Infringing Services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Through Plaintiff's cease and desist letter and correspondence with Defendant, Defendant has actual and direct knowledge of Plaintiff's prior use and ownership of the FUELED FRESH KITCHEN mark. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill associated with the FUELED FRESH KITCHEN mark.

41. In conspiring to and actually committing these acts, Defendant acted willfully with fraud, malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendant are liable to Plaintiff for punitive and exemplary damages

42. Defendant's wrongful acts will continue unless enjoined by this Court.

43. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CAUSE OF ACTION

*Unlawful, Unfair, Fraudulent Business Practices –*

*California Business & Professions Code § 17200 et seq.*

44. Plaintiff incorporates the allegations in paragraphs 1 through 43 as though fully set forth herein.

45. Defendant is engaged in trade or commerce in California.

46. Plaintiff had a reasonable expectation that Defendant would not infringe on its intellectual property.

47. By using the Infringing Mark as part of their trade name, storefront, and business name on the Internet and marketing, advertising, promoting, selling, transporting, distributing, shipping and/or otherwise dealing in products and services bearing the Infringing Mark, Defendant has engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the California Business and Professions Code § 17200 et seq.

48. Plaintiff is informed and believes, and on that basis alleges, that Defendant's unauthorized use of the Infringing Mark and Defendant's marketing, advertising, promoting, selling, transporting, distributing, shipping and/or otherwise dealing in products and services bearing the Infringing Mark is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake, and deception

among consumers and the public as to the source, origin, sponsorship, or quality of the goods and services of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendant's conduct was intended to cause such loss, damage and injury.

49. Plaintiff is informed and believes, and on that basis alleges, that Defendant knew or by the exercise of reasonable care should have known that its unauthorized use of the Infringing Mark and Defendant's marketing, advertising, promoting, selling, transporting, distributing, shipping and/or otherwise dealing in products and services bearing the Infringing Mark would cause confusion mistake or deception among purchasers, users and the public.

50. Plaintiff is informed and believes, and on that basis alleges, that by Defendant's unauthorized use of the Infringing Mark and Defendant's marketing, advertising, promoting, selling, transporting, distributing, shipping and/or otherwise dealing in products and services bearing the Infringing Mark, Defendant intended to, did, and will continue to induce customers to purchase counterfeit products and services by trading off the extensive goodwill built up by Plaintiff in the FUELED FRESH KITCHEN mark.

51. Plaintiff is informed and believes, and on that basis alleges, that the conduct of Defendant has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

52. Plaintiff is informed and believes, and on that basis alleges, that Defendant's wrongful conduct, as alleged above, has permitted and will permit it to make substantial profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products and services in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of the FUELED FRESH KITCHEN mark as a commercial asset, in an amount as yet

unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendant's profits stemming from its infringing activity, and Plaintiff's actual and/or compensatory damages.

53. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights set forth above. Plaintiff seeks injunctive relief.

54. Plaintiff is entitled to injunctive relief under the California Business and Professions Code § 17200 et seq.

## FOURTH CAUSE OF ACTION

*Unfair Competition – Common Law Unfair Competition*

55. Plaintiff incorporates the allegations in paragraphs 1 through 54 as though fully set forth herein.

56. Defendant's actions are an intentional business practice that is unfair, unlawful, and fraudulent and has materially diminished the value of Plaintiff's intellectual property.

57. Defendant's actions constitute unfair competition that knowingly and intentionally trades on and misappropriates Plaintiff's goodwill and business reputation for Defendant's enrichment.

58. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and it is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

59. Defendant has been unjustly enriched through its actions and should be disgorged of any unjust gains.

WHEREFORE, Plaintiff prays for judgement and injunction against Defendant as follows:

## **PRAYER FOR RELIEF**

1. For judgment that Defendant Palomino Trade:

    a. has violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

    b. has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. has engaged in unfair competition in violation of California Business and Professions Code § 17200;

    d. has engaged in common law unfair competition; and

    e. has engaged in common law unfair competition; and

    f. that Defendant's activities were in all respects conducted or continued to be conducted willfully and for profit.

2. That an injunction be issued enjoining and restraining Defendant Palomino Trade, each of its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it from:

    a. Using the Trademarks or any other reproduction, counterfeit, copy or colorable imitation of the trademarks on or in connection with any goods or services;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Eat Strong's business reputation or dilute the distinctive quality of the Trademark;

    c. Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Trademark in connection with the promotion, advertisement, display, sale, offer for sale,

      manufacture, production, importation, circulation, or distribution of any products;

  d. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services rendered by Defendant are in any manner associated or connected with Eat Strong, or are sold, licensed, sponsored, approved, or authorized by Eat Strong;

  e. Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the, production, distribution, circulation, sale, marketing, offer for sale, advertising, or promotion of all unauthorized services which infringe or dilute the Trademark; and

  f. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v).

3. For the entry of an order directing Defendant Palomino Trade to deliver up for destruction to Eat Strong all products, advertisements, promotional materials, and signage in their possession or under their control bearing the Trademark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same pursuant to 15 U.S.C. § 1118;

4. For an assessment of: (a) damages suffered by Plaintiff, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (b) all illicit profits that Defendant derived while using Plaintiff's Trademark, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (c) statutory damages, awarded to Plaintiff pursuant to 15 U.S.C.

1 § 1117(c), of up to $2,000,000 for each trademark that Defendant has counterfeited and/or infringed, as well as attorneys' fees and costs; and (d) an award of Plaintiff's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (e) punitive damages to the full extent available under the law;

    5.    For interest as provided by law; and

    6.    For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated: October 4, 2023

*/s/Amanda R. Washton*
Amanda R. Washton
  a.washton@conklelaw.com
Chelsea A. Bernard
  c.bernard@conklelaw.com
CONKLE, KREMER & ENGEL, PLC
3130 Wilshire Boulevard, Suite 500
Santa Monica, CA 90403

Stephen H. Bean
  steve@legendslaw.com
Nicholas Wells
  nwells@legendslaw.com
LEGENDS LAW GROUP, PLLC
330 N. Main
Kaysville, Utah 84037

Attorneys for Plaintiff Eat Strong, LLC

## JURY DEMAND

Plaintiff requests trial by jury of all the issues in this matter.

Dated:  October 4, 2023

/s/Amanda R. Washton
Amanda R. Washton
  a.washton@conklelaw.com
Chelsea A. Bernard
  c.bernard@conklelaw.com
CONKLE, KREMER & ENGEL, PLC
3130 Wilshire Boulevard, Suite 500
Santa Monica, CA 90403

Stephen H. Bean
  steve@legendslaw.com
Nicholas Wells
  nwells@legendslaw.com
LEGENDS LAW GROUP, PLLC
330 N. Main
Kaysville, Utah 84037

Attorneys for Plaintiff Eat Strong, LLC